122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carmen ARRIAGA-MORALES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-71050, Alm-pbd-sze.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carmen Arriaga-Morales, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision finding her ineligible for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision finding that an applicant is statutorily ineligible for relief, reversing only if the record evidence would compel a reasonable factfinder to conclude that the requisite fear of persecution existed. See Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir.1996).
 
 
 4
 Applicants are eligible for asylum if they establish past persecution or a well-founded fear of future persecution based upon their race, religion, nationality, membership in a particular social group, or political opinion. See id. at 1393-94.
 
 
 5
 Arriaga-Morales contends that she presented sufficient evidence to demonstrate past persecution and a well-founded fear of future persecution. This contention lacks merit.
 
 
 6
 Here, Arriaga-Morales testified that police officers assaulted her during an October 1990 student demonstration in front of the governmental palace. She stated that the police detained and questioned her for nearly ten minutes and threatened to harm her if she participated in future anti-government demonstrations. Arriaga-Morales testified that, following the October 1990 demonstration, she experienced no other problems with the Guatemalan police, and they never attempted to locate her.
 
 
 7
 We deny Arriaga-Morales's petition for review because the record evidence would not compel a reasonable factfinder to conclude that Arriaga-Morales demonstrated past persecution or a well-founded fear of future persecution. See Prasad v. INS, 47 F.3d 335, 339-40 (9th Cir.1995).
 
 
 8
 Because Arriaga-Morales failed to meet the lower eligibility standard required to obtain asylum, we conclude that she was not entitled to withholding of deportation. See id. at 340.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3